## 2317. WILLIAMS v. THE STATE.

On the trial of one charged with a violation of the "labor-contract act" of 1903 (Acts of 1903, p. 90), the evidence for the State showing that there was a novation of the original contract between the defendant and the prosecutor, which was not complied with by the latter, and it further appearing that there was a breach of the contract on the part of the prosecutor which authorized the defendant to annul it, and the evidence failing to disclose that the prosecutor had sustained loss, the testimony was insufficient to authorize a conviction. The circumstances occurring between the time of making the contract and the time when the defendant abandoned his work rebut the inference of fraudulent intent.

Accusation of cheating and swindling; from city court of LaGrange—Judge Harwell. October 18, 1909.

Submitted January 12,—Decided February 22, 1910.

*M. U. Mooty,* for plaintiff in error:

*Henry Reeves, solicitor,* contra.

RUSSELL, J. In our view of the facts of this case, the prosecution savors of an effort to collect a debt by criminal process; and to uphold the conviction would be to give to the statute an effect which would render it unconstitutional. The defendant made a contract to serve the prosecutor as a cropper during the year 1909. It was understood and agreed that the employer should furnish him with supplies while he was making the crop. The defendant furnished his own dwelling-house and was to receive for his hire a half of the crop produced by his labor. The advances were to be repaid in the fall. According to the testimony of the prosecutor, no definite time was fixed when the service was to begin, nor any time designated when the labor upon the crop should cease. The prosecutor testified that the defendant was to work and to quit working according to his direction. It is questionable, therefore, if the contract was sufficiently definite, in point of its duration, to authorize a prosecution for its violation. However, we do not rule upon this point. Conceding that the contract was sufficiently definite to bring it within the provisions of the act of 1903 (Acts 1903, p. 90), we think that the conviction of the defendant was unauthorized, and a new trial should have been granted him upon the ground that the presumption arising from the procurement of the advances was rebutted, by reason of the fact that the evidence showed that he had a good cause for quitting the employment of his master.

It is clear to us that after the defendant's house burned down there was a novation of the contract. The prosecutor testified that under the first contract the defendant was to furnish his own house. After the house burned down the prosecutor agreed to furnish him with a house. This was a novation of the original contract, which reformed it at least to the extent of engrafting upon it an agreement that the prosecutor should furnish the defendant with a house. It appears that the prosecutor violated this contract. It also appears, from the evidence, that though the prosecutor had agreed to furnish the cropper with necessary supplies, he broke the contract, by refusing to supply necessary clothing. The prosecutor having first breached the contract, the defendant was released therefrom, provided that he acquiesced in the breach. This was the only thing done by the defendant; he acquiesced in the determination reached by the prosecutor.        *Judgment reversed.*